**EXHIBIT A**

Norman J. Younker (A3682)
norm@yhmlaw.com
John M. Macfarlane (A14996)
john@yhmlaw.com
Jayden D Gray (A16062)
jayden@yhmlaw.com
P. McKay Corbett (A16800)
mckay@yhmlaw.com
YOUNKER HYDE MACFARLANE, PLLC
*Attorneys for Plaintiff*
257 East 200 South, Suite 1080
Salt Lake City, UT 84111
Telephone: (801) 335-6467
Facsimile: (801) 335-6478

Server_____
Date _____ Time_____ :
P/S_____
ANDERSON INVESTIGATIONS, INC.   #P101391
P.O. BOX 535, SLC, UT 84110    877-619-1110

## THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| BRET WILLIAM CLARK, individually and on behalf of the heirs and estate of MELISSA BRADY CLARK, deceased.<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN RED CROSS; AMERICAN NATIONAL RED CROSS aka AMERICAN RED CROSS; AMERICAN RED CROSS OF UTAH; AMERICAN NATIONAL RED CROSS aka AMERICAN RED CROSS OF UTAH; and DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 1 through 10, inclusive,<br><br>Defendants. | **SUMMONS**<br><br>(TIER III)<br><br>Case No. 200901539<br><br>Judge Hon. PAUL B PARKER |

TO THE ABOVE-NAMED DEFENDANTS:

AMERICAN RED CROSS;
AMERICAN NATIONAL RED CROSS aka AMERICAN RED CROSS;
AMERICAN RED CROSS OF UTAH;
AMERICAN NATIONAL RED CROSS aka AMERICAN RED CROSS OF UTAH
c/o: David Jacob, Esq., Registered Agent
8111 Gatehouse Road
Falls Church, VA 22402-1204

YOU ARE HEREBY SUMMONED and required to file with the above court at 450

South State Street, Salt Lake City, Utah, 84111, and to serve upon Plaintiff's attorney,

YOUNKER HYDE MACFARLANE, PLLC Attention: John M. Macfarlane at 257 East 200

South, Suite 1080, Salt Lake City, Utah 84111, an Answer to the Complaint which is herewith

served upon you, within twenty- one (21) days after service of this Summons upon you,

exclusive of the day of service. If you fail to do so, judgment by default will be taken against

you for the relief demanded in the Complaint.

DATED this 1st day of June 2020.

_/s/ Norman J. Younker_
Norman J. Younker
John M. Macfarlane
Jayden D Gray
P. McKay Corbett
YOUNKER HYDE MACFARLANE, PLLC

2

Norman J. Younker (A3682)
norm@yhmlaw.com
John M. Macfarlane (A14996)
john@yhmlaw.com
Jayden D Gray (A16062)
jayden@yhmlaw.com
P. McKay Corbett (A16800)
mckay@yhmlaw.com
YOUNKER HYDE MACFARLANE, PLLC
*Attorneys for Plaintiff*
257 East 200 South, Suite 1080
Salt Lake City, UT 84111
Telephone: (801) 335-6467
Facsimile: (801) 335-6478

## THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| BRET WILLIAM CLARK, individually and on behalf of the heirs and estate of MELISSA BRADY CLARK, deceased. | COMPLAINT |
| Plaintiff, | Case No. _____ |
| vs. | Judge _____ |
| AMERICAN RED CROSS; AMERICAN NATIONAL RED CROSS aka AMERICAN RED CROSS; AMERICAN RED CROSS OF UTAH; AMERICAN NATIONAL RED CROSS aka AMERICAN RED CROSS OF UTAH; and DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 1 through 10, inclusive. | Tier 3 |
| Defendants. | |

BRET WILLIAM CLARK, individually and on behalf of the heirs and estate of

MELISSA BRADY CLARK, deceased, ("Plaintiff") by and through his attorney, Norman J.

Younker, and the law offices of Younker Hyde Macfarlane, PLLC, allege and complain as

follows:

## IDENTIFICATION OF PARTIES

1.   Plaintiff is a resident of Salt Lake County, State of Utah.

2.   Defendants AMERICAN RED CROSS; AMERICAN NATIONAL RED CROSS aka AMERICAN RED CROSS; AMERICAN RED CROSS OF UTAH; and AMERICAN NATIONAL RED CROSS aka AMERICAN RED CROSS OF UTAH, at all times mentioned herein, is a non-profit corporation chartered by the United States Congress and performs certain charitable functions and is doing business in the State of Utah, by and through its agents and employees.

3.   Defendant Doe Individuals 1 through 10 and Roe Entities 1 through 10 are set forth herein as all unknown persons or business entities currently unknown to Plaintiff who have a claim to any interest in the subject matter of this action, whose true name(s) is (are) unknown to Plaintiff, and who are believed to be responsible for the events and happenings referred to in this Complaint, causing injuries and damages to Plaintiff, or who are otherwise interested in the subject matter of this Complaint.  At such time when the names of said Doe Individuals and Roe Entities have been ascertained, Plaintiff will request leave from the court to insert their true names and capacities and adjoin them in this action so that the Complaint will be amended to include the appropriate names of said Doe Individuals and Roe Entities.

## JURISDICTION AND VENUE

4.   All conditions precedent to the right to bring and maintain this action have been performed or have occurred as required by the Utah Healthcare Malpractice Act pursuant to Utah Code Ann. §78B-3-401, et seq.

5.   This Court has jurisdiction pursuant to Utah Code Ann. §78A-5-102.

2

6.    Plaintiff is unaware of an arbitration agreement between any of the parties but wishes to exercise the right to arbitration if such an agreement exists.  The filing of this complaint or the participation in discovery or litigation should not be considered Plaintiff's intent to waive the right to arbitration if an agreement exists.

7.    Venue is proper in that the cause of action arose in Salt Lake County, State of Utah, pursuant to Utah Code Ann. §78b-3-307.

8.    The damages claimed are such as qualify under tier 3.

## GENERAL ALLEGATIONS

9.    On or about July 25, 2017 then 60-year-old Melissa Brady Clark ("Mrs. Clark") was admitted to the IHC Health Services, Inc. dba LDS Hospital ("LDS"), acting by and through their agents and employees, where she received ongoing care and treatment up until the time of her death on or about August 18, 2017.

10.    According to LDS records Mrs. Clark died as a result of "septic shock" from presumed clostridium perfringens infection/toxemia secondary to "acute hemolytic transfusion reaction".

11.    According to medical records Mrs. Clark's course was complicated by what "appeared to be severe colitis/typhlitis/bowel obstruction with c-diff. combined with a difficult to clear C. Lucetania candidemia

12.    On or about August 12, 2017 Mrs. Clark was moved to the intensive care unit for clinical deterioration but was generally stable with manageable moderate multiorgan dysfunction until the early morning hours of August 18, 2017 when she had a sudden anaphylactiod reaction while getting platelets, during which time she became hypotensive and required massive amounts of pressers.

3

13.     She continued to deteriorate throughout the day, subsequently experiencing bradycardia leading to cardiac arrest and death.

14.     It is believed that the infected and transfused blood products and fluids were obtained by, from, or through the American National Red Cross aka American Red Cross, it's agents and employees.

## CAUSE OF ACTION
### (Medical Malpractice)

15.     Plaintiff incorporates by this reference the allegations of the foregoing paragraphs as though fully set forth herein.

16.     As of this time, Plaintiff complains and alleges that Defendants owed Plaintiff a duty to provide the same medical care a reasonable and prudent healthcare provider would under similar circumstances. Defendants have breached their duty in that the care and treatment provided to Melissa Brady Clark by Defendants was wrongful, careless and negligent, including, but not limited to, the following particulars:

        a)   Failure of informed consent;

        b)   Failure to take appropriate action to screen and guard against bacterial contamination that can cause infection, toxemia, septic shock, and transfusion reaction;

        c)   Failure to appropriately collect, store and transport blood and blood products to prevent bacterial and other contaminators; and

        d)   Failure to take appropriate action to prevent the transfusion of infection through fluids and/or blood transfusions.

17.     As a direct and proximate result of the foregoing wrongful, careless and negligent

acts and/or omissions of Defendants, Melissa Brady Clark died prematurely, which has and will

result in significant economic and non-economic injuries, including but not limited to:

      a)     Medical and attendant care expenses;

      b)     Past, present and future lost wage and lost wage-earning capacity;

      c)     Loss of the care, comfort, society and economic support of Melissa Brady

               Clark;

      d)     Physical, mental and emotional pain and suffering;

      e)     Out of pocket costs;

## SECOND CAUSE OF ACTION
### (Survival Action- Utah Code Ann. § 78B-3-107)

18.    Plaintiff incorporates by this reference the allegations of the foregoing

paragraphs as though fully set forth herein.

19.    As a result of Defendants' negligence, and prior to her death, Melissa Brady

Clark suffered economic and non-economic damages due to her injuries.

20.    Melissa Brady Clark ultimately died as a result of Defendants' negligence.

21.    Pursuant to Utah Code Ann. § 78B-3-107, Melissa Brady Clark's heirs may

pursue her claims against defendants for the special and general damages she suffered prior to

her death.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be

proven at trial together with pre and post judgment interest and costs as follows:

1.    Judgment in favor of Plaintiff and against Defendants for general damages in an

amount to be proved at trial;

2.     Judgment in favor of Plaintiff and against Defendants for special damages in an amount to be proved at trial including interest as provided by Utah Code Ann. §78B-5-824; and

3.     Plaintiff's costs incurred herein together with such other and further relief as the Court may deem appropriate under the circumstances.

DATED this 21st day of February 2020.

/s/Norman J. Younker
John M. Macfarlane
Jayden D. Gray
P. McKay Corben
YOUNKER HYDE MACFARLANE, PLLC
Attorneys for Plaintiff